UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 03-20482-CIV-MORENO

JACK KING, as Personal Representative of the
Estate of JESSICA KING, *et al.*,

    Plaintiffs,
vs.

CESSNA AIRCRAFT CO., a Kansas corporation,

    Defendant.
_____/

### ORDER ON RENEWED MOTION TO DISMISS FOR *FORUM NON CONVENIENS*

This case[1] is now before the Court on remand from the United States Court of Appeals for the Eleventh Circuit's order and mandate in King v. Cessna Aircraft Co., 505 F.3d 1160 (11th Cir. 2007), which vacated this Court's October 2005 Order on *Forum Non Conveniens*, King v. Cessna Aircraft Co., 405 F. Supp. 2d 1374 (S.D. Fla. 2005) that stayed the King case and dismissed the foreign Plaintiffs. The Eleventh Circuit remanded the case to this Court for a determination as to "what, if anything, the court might have done differently had it known that it could not stay proceedings in the King case." King, 505 F.3d at 1173. The Court responds that it would have reached the same conclusion in its *forum non conveniens* analysis. Accordingly, for the reasons stated in this Court's previous Order, King v. Cessna Aircraft Co., 405 F. Supp. 2d 1374, the foreign Plaintiffs are dismissed, and Plaintiff Jack King shall proceed in this Court.

### BACKGROUND[2]

These cases stem from the deadliest aviation disaster in Italian history. On a foggy

---

[1] The companion case is Brega v. Cessna Aircraft Co., No. 03-22669-CIV-MORENO.

[2] For a more comprehensive case history, see the Eleventh Circuit's opinion, King v. Cessna Aircraft Co., 505 F.3d 1160, 63-65 (11th Cir. 2007).

morning in October of 2001 at the Linate airport in Milan, Italy, a private Cessna jet, operated by Air Avex, collided with a Scandinavian Air Systems jet killing one hundred and eighteen people. In addition to the continuing litigation in Italian courts, the personal representatives of the estates of sixty-nine victims and one personal injury claimant have filed lawsuits in the Southern District of Florida against the Defendant. All but one of the Plaintiffs are European citizens. The remaining Plaintiff, Jack King, is the personal representative of the estate of his daughter, Jessica King, an American citizen.

      The Defendant filed motions to dismiss all of the actions on grounds of *forum non conveniens*. The Court initially denied those motions. The Court further denied the Defendant's motion for reconsideration. However, in response to changed circumstances within the litigation, the Court invited the parties to re-brief Cessna's motion for reconsideration based on the issue of *forum non conveniens*. After considering the parties' briefs and hearing oral argument on the matter, the Court issued an Order on *Forum Non Conveniens* in which it granted in part the Defendant's motion for reconsideration. King, 405 F. Supp. 2d 1374. The Court dismissed the actions of the foreign Plaintiffs based on *forum non conveniens* but stayed the King case pending the resolution of the litigation underway in the Italian courts. Id. at 1381.

      On appeal, the Eleventh Circuit affirmed this Court's decision that Jessica King was a citizen of the State of California for purposes of establishing subject matter jurisdiction based on diversity, but reversed this Court's indefinite stay of the King case. King, 505 F.3d at 1173. The Eleventh Circuit remanded the case to this Court to determine what impact, if any, the stay of the King case had on the Court's decision to dismiss the foreign Plaintiffs. Id.

## DISCUSSION

Specifically, the question presented to this Court by the Eleventh Circuit is whether, "[i]f the district court had known it could not avoid dual proceedings by staying the King case," it would have (1) "dismissed all of the plaintiffs, including King," or (2) "allowed all of the plaintiffs to proceed here," or (3) "pursued some other avenue." Id. at 1173.  Further, the Eleventh Circuit clarified that it neither "express[es] nor impl[ies] any view on the correctness of any options that the district court may choose on remand." Id.  Upon consideration of these options, the Court elects to "pursue some other avenue."  The Eleventh Circuit aptly noted that through the Court's previous Order, which "stay[ed] the King case and nudg[ed] the foreign plaintiffs toward litigation in a more appropriate forum," the Court attempted to "avoid wasteful and duplicative litigation." Id. at 1173.  Although the Court recognizes that avoiding duplicative litigation by staying the King case was one consideration in its decision to dismiss the foreign Plaintiffs, it did not so heavily impact the Court's *forum non conveniens* analysis that vacating the stay would have precluded the dismissal of the foreign Plaintiffs.  Accordingly, for the reasons stated in this Court's previous opinion, King v. Cessna Aircraft Co., 405 F. Supp. 2d 1374 (S.D. Fla. 2005), Defendant's Motion to Dismiss for *Forum Non Conveniens* is granted in part.  The foreign Plaintiffs are dismissed, and Plaintiff Jack King shall proceed before this Court.

DONE AND ORDERED in Chambers at Miami, Florida, this 31st day of January, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Aaron S. Podhurst, Esq.
Ricardo Martinez-Cid, Esq.
Herman Russomanno, Esq.

Miguel A. Estrada, Esq.
Henry M. Knoblock, Esq.